UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES GASTON,<br><br>Plaintiff,<br><br>v.<br><br>PARTHASARATHI GHOSH, et al.,<br><br>Defendants. | No. 11 C 6612<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Saleh Obaisi and Wexford Health Sources, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's Motion is granted in part and denied in part.

## I. BACKGROUND

On May 11, 2009, Plaintiff James Gaston ("Plaintiff" or "Gaston"), an inmate at Stateville Correctional Center, was treated in the Stateville Health Care Unit for left knee pain and swelling. The Illinois Department of Corrections ("IDOC") contracted with Wexford Health Sources, Inc. ("Wexford") to provide health services to inmates throughout Illinois. Plaintiff was given Motrin, a cloth knee brace and ice for his knee, but it continued to swell and cause him pain. Over the next two years, Plaintiff continued to seek medical attention for his left knee and, eventually, his right knee. He underwent an operation on his left knee on August 2, 2011 at the UIC Medical Center but alleges he was never provided with proper follow-up care or the physical therapy his doctor had ordered. On October 2, 2012, Plaintiff underwent an operation on his right knee at UIC Medical Center, which he also alleges was improperly treated post-operation. Finally, Plaintiff alleges he has been unable to receive adequate medical attention for

1

an abdominal hernia and left side sciatica that developed in November 2013 and January 2015 respectively.

Plaintiff initiated this lawsuit on August 27, 2015 pursuant to 42 U.S.C. § 1983, alleging that Wexford and several physicians including Saleh Obaisi, M.D. ("Dr. Obaisi") (collectively "Defendants") committed deliberate indifference and reckless disregard of his serious medical needs. Specifically, Plaintiff alleged an Eighth Amendment violation (Count I); a Monell theory of liability against Wexford (Count II); a respondeat superior theory of liability against Wexford based on the actions and/or inactions of Defendants and Stateville-employed physicians Parthasarathi Ghosh ("Dr. Ghosh"), Liping Zhang ("Dr. Zhang") and Imhotep Carter ("Dr. Carter") (Count III); and a deliberate indifference claim against Dr. Obaisi for delaying treatment of Plaintiff's back pain and hernia (Count IV).

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim, but rather the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007).

## III. DISCUSSION

### A. Respondeat Superior Claim

Defendants argue that the respondeat superior claim against Wexford (Count III) should be dismissed because Wexford, a private corporation contracting with the government, is immunized from respondeat superior liability under § 1983. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) (holding that a municipal corporation is not vicariously liable under respondeat superior for the constitutional torts of its employees); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (extending *Monell* to private corporations as well as municipalities). However, in 2014 the Seventh Circuit indicated that it was willing to reconsider its application of *Monell* to private corporations. In *Shields v. Illinois Dept. of Corrections*, the Seventh Circuit noted that Supreme Court precedent does not require the extension of *Monell* to the private context. 746 F.3d 782 (7th Cir. 2014). Indeed, the Supreme Court has applied respondeat superior to private corporations in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), which remains good law. Thus, the Seventh Circuit conceded:

> we should not foreclose *respondeat superior* liability against private corporations under § 1983. Private prison employees and prison medical providers have frequent opportunities . . . to violate inmates' constitutional rights . . . *respondeat superior* liability for the employer itself is likely to be more effective at deterring such actions.

*Shields*, 746 F.3d at 794.

The Court went on to question why the Seventh Circuit (and all the other circuits that have considered the question) extended *Monell* to the private corporation context, even though the Supreme Court has not spoken on the issue and there are compelling reasons to limit *Monell* to municipal corporations.

Ultimately, however, since the plaintiff in *Shields* did not ask the Seventh Circuit to overrule *Iskander* and its progeny, the Court declined to rule on that issue, concluding, "For now,

3

this circuit's case law still extends *Monell* from municipalities to private corporations." *Id*. at 796 (citations omitted). As the Seventh Circuit is binding on this Court, I must follow Seventh Circuit precedent, which immunizes private corporations like Wexford from § 1983 respondeat superior liability like the claim asserted here. Therefore, Count III is dismissed.

**B. Improper Joinder Claim**

Defendants' second argument is that Count IV, which added a new party defendant, Dr. Obaisi, was improperly joined pursuant to Fed. R. Civ. P. 18 and 20. Rule 20 permits joinder of multiple defendants in one action only if claims are asserted jointly or severally, or if the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Here, Plaintiff added claims against Dr. Obaisi alleging failure to properly care for Plaintiff's right knee after the 2012 operation as well as new allegations about Plaintiff's subsequent hernia and back pain. Although the hernia and back pain are distinct and separate injuries from Plaintiff's knee issues, the narrative of Plaintiff's attempt to seek medical care for his knees is closely intertwined with the narrative of his patient relationship with Dr. Obaisi. Because these incidences of alleged deliberate indifference share sufficient questions of law and fact and arise out of the same series of transactions or occurrences, judicial economy is best served by joining the claims as Plaintiff has done in the Third Amended Complaint. Thus, Defendant's Motion to Dismiss Count IV is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted in part and denied in part. Count III of the Third Amended Complaint is dismissed.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 23, 2016